Peter F. **DAMANTI**, Plaintiff,

v.

**A/S INGER**, Defendant Third-Party Plaintiff-Appellant-Cross-Appellee,

v.

**DANIELS & KENNEDY, INC.**, Third-Party Defendant-Appellee-Cross-Appellant,

v.

**ILLINOIS ATLANTIC CORP.**, Third-Party Defendant-Appellee.

No. 214, Docket 27701.

United States Court of Appeals Second Circuit.

Argued Jan. 21, 1963.

Decided March 1, 1963.

**396**

Monroe J. Cahn, New York City (Pyne, Smith & Wilson, New York City, on the brief, Warner Pyne, William A. Wilson, New York City, of counsel), for A/S Inger.

Raymond C. Green, New York City (Joseph M. Soviero, Harry Schechter and Harold Klein, New York City, on the brief), for Daniels & Kennedy, Inc.

David P. H. Watson, New York City (Haight, Gardner, Poor & Havens, and J. Ward O'Neill, New York City, on the brief), for Illinois Atlantic Corp.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

On October 27, 1955, Damanti, a longshoreman in the employ of a stevedore, Daniels & Kennedy, Inc., was injured while moving a hatch cover beam with a beam jack supplied by the ship on defendant A/S Inger's vessel Elin Hope, time chartered to Illinois Atlantic Corp. Damanti brought action in the United States District Court for the Eastern District of New York against Inger alleging negligence and unseaworthiness. Inger brought in as third party defendants Daniels & Kennedy and Illinois Atlantic, each of whom also cross claimed against the other.

The case went to trial on May 13, 1957 before Judge Bruchhausen and a jury. On May 24, 1957, when summations of counsel were about to begin, defendant Inger settled with plaintiff for $30,000, first offering the third party defendants an opportunity to take over the defense, which they declined. Inger's counsel testified as to the reasonableness of the settlement. The claims over were then submitted to the jury on special interrogatories which were answered as follows:

"(A)—Settlement With Plaintiff

"1. Was the payment of the shipowner of $30,000 in settlement of plaintiff's claim a reasonable compromise under all of the testimony submitted to you on this trial? Yes.

"2. If no, was the payment plainly erroneous? (not answered).

"3. If yes, was it plainly erroneous as to amount? No. As to liability? Yes.

"4. Is it possible that you would have found the shipowner liable? For negligence? No. For unseaworthiness? No.

"5. If answer to 4 is yes, what is the maximum you would have

awarded plaintiff for his injuries? (not answered). For negligence? For unseaworthiness?

"(B)—Indemnity Claim

"1. Were the agents, servants or employees of the stevedoring contractor negligent or careless in any way? Yes.

"2. If yes, was such negligence the primary and active cause of plaintiff's injuries? Yes.

"3. If yes, what was the nature of such negligence? Carelessness.

"4. (a) Was the ship or its equipment unseaworthy at 8:00 o'clock a. m. on October 27, 1955? No.

"(b) Was the ship or its equipment unseaworthy at the time of the accident? No.

"5. Was the shipowner negligent? No.

"6. If yes, what did that negligence consist of? (not answered)."

On motion (including one in the alternative by Inger) the court set the special verdict aside and ordered a new trial. Thereafter all parties waived a jury and retrial on the claims over was had before Judge Abruzzo on the record of the first trial, again supplemented by testimony of Inger's counsel as to the reasonableness of the settlement.

The Court dismissed Inger's third party complaints against Daniels & Kennedy and Illinois Atlantic, as well as the cross complaints of the latter two parties against each other. Inger appeals from the denial of its motion for a directed verdict against Daniels & Kennedy on the first trial and from the judgment dismissing its complaint against Daniels & Kennedy in the second trial. Daniels & Kennedy appeals from the grant of a new trial at the first trial and from the dismissal of the complaint against Illinois Atlantic in the second trial as a precautionary measure in case the appeal of Inger is successful. Daniels & Kennedy also appeals from the denials of its motions at the first trial for a directed verdict and for judgment on the jury's special verdict. We find error on Inger's appeal in the failure to enter judgment for Inger against Daniels & Kennedy on the special verdict of the jury. While this disposes of the matter, we would be required if we reached the question also to find error in the dismissal of Inger's claim against Daniels & Kennedy on the second trial. We therefore reverse and remand for judgment in favor of Inger against Daniels & Kennedy. We find no error in dismissal of Daniels & Kennedy's cross complaint against Illinois Atlantic. No appeal was taken from the dismissal of Inger's claim against Illinois Atlantic.

■ A ship may recover over against a stevedore for amounts paid in settlement of a personal injury claim if the injury was caused by breach of the stevedore's warranty of workmanlike service. Waterman S.S. Corp. v. Dugan & McNamara Inc., 364 U.S. 421, 81 S.Ct. 200, 5 L.Ed.2d 169 (1960); Shannon v. United States, 235 F.2d 457 (2 Cir., 1956); American President Lines, Ltd. v. Marine Terminals Corp., 234 F.2d 753 (9 Cir., 1956), cert. denied 352 U.S. 926, 77 S.Ct. 222, 1 L.Ed.2d 161; Lilleberg v. Pacific Far East Line Inc., 167 F.Supp. 3 (N.D. Cal. 1958).

■ The elements the ship must establish to recover indemnity from the stevedore are first that the settlement was reasonable under all the circumstances and second that the stevedore was guilty of a breach of the warranty of workmanlike service and has no defense against the ship's indemnity claim. The ship need not establish that it was in fact liable to the claimant so long as the claimant's injury on the ship and a potential liability on the facts known to the ship are shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against the ship. "It (RR) was required at that time to use its foresight rather than its hindsight in evaluating the situation relative to its probable liability. Taking into consideration that

which we all know, that is, the almost insurmountable difficulties attending the defense by a railroad in an action for damages under the Federal Employers' Liability Act, it cannot be said that the plaintiff made other than a fair and reasonable settlement of its potential liability. To have resisted settlement to the point of a jury verdict would have been sheer folly under the circumstances." Chicago, Rock Island & Pac. Rwy. Co. v. United States, 220 F.2d 939, 941 (7 Cir., 1955) reversing the dismissal of an action for indemnity on a finding that the railroad had not been negligent and therefore was not liable to its employee. Hankinson v. Penn. R. R. Co., 280 F.2d 249, 252 (3 Cir., 1960); California Stevedore & Ballast Co. v. Pan-Atlantic S.S. Corp., 291 F.2d 252, 254 (9 Cir., 1961); Lilleberg v. Pacific Far East Line Inc., supra.

There was testimony in the case at bar that the injured longshoreman was 37 years old, with a life expectancy of approximately 34.76 years, earning $6,000 a year as a longshoreman, that he suffered a herniated intervertebral disc at L5–S1 (fifth lumbar vertebra-sacrum) or at L4–L5 (fourth-fifth lumbar vertebrae) and a compressed fracture of L3 (third lumbar vertebra), permanent injuries disabling him from heavy work, reducing his earning capacity by about $4,000 a year. In addition there were fractures of transverse processes at L2, 3 and 4 (second, third and fourth lumbar vertebrae), one of which had failed to reunite. He sought damages in the amount of $100,000.

On the liability of the shipowner, there was evidence that the beam jack was defective, in that it was rusted, pitted, bent and with its beam holding teeth imperfect, that these defects caused it to slip off the beam and cause plaintiff and the jack to fall into the hold. Two apparently workable beam jacks were produced at the trial, but a possible inference from the evidence was that the shipowner had concealed and failed to produce the jack involved in the

mishap. There was therefore ample support for the jury's answer that the payment of $30,000 in settlement was a reasonable compromise, even though the jury itself believed that it would have credited the evidence against the ship's liability. The court on both trials appears to have ruled as it did in the belief that the determination of no liability on the part of the ship bars recovery over. This, as we have seen is erroneous, for potential liability is all that is required. Judge Bruchhausen's decision to grant a new trial was based on an erroneous view that the jury's verdict was the product of confusion. It appears to us, however, perfectly clear and consistent, and the court's contrary conclusion and action in setting it aside based on the erroneous legal premise that Inger must prove that it was liable in fact. His action in so doing is reviewable on the appeal from the judgment on the second trial. 6 Moore, Federal Practice 3896–97. Pettingill v. Fuller, 107 F.2d 933 (2 Cir., 1939), cert. denied 309 U.S. 669, 60 S.Ct. 609, 84 L. Ed. 1015. The jury's answers are quite consistent with the proper understanding of the rule, for even though it found no liability on the part of Inger, it found in all the circumstances, including testimony as to potential liability, that the settlement was reasonable. On the second trial, Judge Abruzzo found that Inger was not reasonable in making the settlement. To what extent, if at all, the finding may have been influenced by a view that a finding of no liability on the part of the ship precluded recovery over is not clear. A review of the entire record, however, leaves us with the firm conviction that the finding is incorrect. We hold it clearly erroneous. Since the action was tried to the court and the finding was largely based on the record of the first trial, we are free to make a finding on the issue from the same record, see Gediman v. Anheuser Busch, Inc., 299 F. 2d 537, 547 (2 Cir., 1961), and cases cited; Ezekiel v. Volusia S.S. Co., 297 F.2d 215 (2 Cir., 1961), cert. denied sub nom. Pinto v. States Marine Corp., 369 U.S. 843, 82 S.Ct. 874, 7 L.Ed.2d 847. We

hold that the settlement was reasonable in amount.

■■ The other element required for recovery is breach of the stevedore's warranty. Both the jury and Judge Abruzzo found that negligence of the stevedore caused the injury. This was a breach of the warranty of workmanlike service. Drago v. A/S Inger, 305 F.2d 139 (2 Cir., 1962), cert. denied Daniels & Kennedy, Inc. v. A/S Inger, 371 U.S. 925, 83 S.Ct. 292, 9 L.Ed.2d 232 (a case involving the same parties except for a different plaintiff). It is probable that the negligence of the stevedore found by both triers was based solely on the actions of the injured longshoreman. This, however, does not preclude recovery over by the shipowner, but is simply a factor that would reduce the recovery of the injured plaintiff from him, Pope & Talbot Inc. v. Hawn, 346 U.S. 406, 408–409, 74 S.Ct. 202, 98 L.Ed. 143, and thus is to be considered only in determining the reasonableness of the settlement.

■ Inger is entitled to judgment for the amount of the settlement. It is also entitled to reasonable attorneys' fees and expenses in the defense of the action up to the time of the settlement. Paliaga v. Luckenbach S. S. Co., 301 F.2d 403, 409 (2 Cir., 1962).

■ The Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq. does not bar recovery over, which is based on damage from breach of the stevedore's warranty, not on the longshoreman's claim against his employer. Ryan Stevedoring Corp. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1958).

Here, as in Drago, "There is no substance in the appeal by Daniels & Kennedy, Inc., from the dismissal of its cross-claim against Illinois Atlantic Corp." Drago v. A/S Inger, supra, 305 F.2d at 143.

The judgment is reversed and the cause remanded to the District Court with instructions to enter judgment in favor of A/S Inger against Daniels & Kennedy in the amount of the settlement plus reasonable attorneys' fees and expenses incurred in defense of the action up to the time of the settlement. Dismissal of Daniels & Kennedy's cross-claim against Illinois Atlantic Corp. is affirmed.