Nicola MASSA, Plaintiff-Appellant,

v.

C. A. VENEZUELAN NAVIGACION, Defendant and Third-Party Plaintiff-Appellant,

v.

JOHN W. McGRATH CORPORATION, Third-Party Defendant-Appellee.

No. 448, Docket 27945.

United States Court of Appeals Second Circuit.

Argued April 29, 1964.

Decided June 3, 1964.

Jacob Rassner, New York City, for plaintiff-appellant.

Renato C. Giallorenzi, New York City (Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for defendant and third-party plaintiff-appellant.

James M. Leonard, New York City (McHugh & Leonard, New York City, on the brief), for third-party defendant-appellee.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Massa, the plaintiff longshoreman, was injured when a pallet being used to load the ship spilled some of its cargo on him. After a jury failed to reach a verdict, the United States District Court for the Eastern District of New York, Mortimer W. Byers, J., dismissed the complaint against the shipowner, C. A. Venezuelan Navigacion, on the ground that the plaintiff had failed to prove a prima facie case. This court reversed and remanded for a new trial, for viewed in the light most favorable to the plaintiff, the evidence was sufficient to support a finding of unseaworthiness. 298 F.2d 239 (1962). Upon remand, the case was tried before Chief Judge Joseph C. Zavatt, sitting without a jury, who found that the accident was not caused by a defective pallet but by the negligence of the plaintiff and his fellow longshoremen. Concluding that the ship was seaworthy and the shipowner free from negligence, the District Court dismissed the complaint and the third party complaint of the shipowner against the stevedore, John W. McGrath Corporation. 209 F. Supp. 404 (1962). The plaintiff now appeals from the dismissal of his complaint, and the shipowner appeals from the dismissal of his third party complaint to recover counsel fees for defending the suit. We find no error in the ruling on the longshoreman's claim and affirm the dismissal of the complaint, but we reverse the dismissal of the third party complaint and direct the entry of a judgment awarding counsel fees and expenses to the third party plaintiff.

On February 25, 1955 the plaintiff was employed by the stevedore, then engaged in loading cargo onto the defendant's ship. Some of the cargo consisted of cases of lube oil cans, which were loaded evenly on rectangular wooden pallets. Each loaded pallet was brought to the side of the ship by a hi-lo and placed on a platform of two empty pallets, stacked one above the other to facilitate the task of the longshoremen who hooked up the loaded pallets to the ship's gear. The pallet was connected to the winch by a

cable and a pallet bridle, which consisted of four wires joined at the top and spreading downward to connect with the ends of two metal bars. Each of the metal bars was equipped with two protruding metal tongs that fitted into apertures on the ends of the pallet.

The plaintiff was a member of a four man gang of longshoremen whose job was to insert the tongs into the pallet holes. The plaintiff was injured when some of the cargo spilled from a pallet that had been raised about eight feet by the ship's winch. The plaintiff claimed that the accident was caused by the rotting of the wood around the pallet hole, a defect that resulted in the tongs slipping out of the pallet holes. However, the trial court found that the accident was caused by the plaintiff and his fellow longshoreman inserting the tongs into the apertures in the empty pallet lying immediately beneath the loaded pallet into which they were supposed to insert the tongs. Thus, one of the metal bars was connected to the top pallet and the other connected to the empty pallet of the platform beneath.

## I.

On this appeal the plaintiff claims that the findings of the trial court must be set aside as clearly erroneous and that the testimony of the defendant's witnesses must be disregarded because the parties at a previous trial had stipulated that there were three empty pallets stacked together as a platform. Since the trial court found that there were only two empty pallets in the supporting platform, the plaintiff claims that the court below must have been hoodwinked into believing that the plaintiff's witnesses and defendant's witnesses were all describing the same pallet. The basis of this contention is that "the only inference justified by the evidence was that the defective pallet was removed from the scene of the accident and that the witnesses who testified on behalf of the respondent did not see and knew nothing about the condition of the pallet involved in the accident."

 This argument is nothing but vain imaginings. There is not a shred of evidence that anyone spirited away the pallet involved in the accident before the defendant's witnessees arrived at the scene, and there is substantial testimony to the contrary. The defendant's witnesses described the pallet partially loaded with cans of lube oil, and it is clear from the record that the pallet they were describing was the one alleged by the plaintiff to be defective. There was no stipulation at this trial that there were three pallets in the supporting platform. Because the parties unfortunately stipulated to the presence of three empty pallets in the platform at a previous trial during the plaintiff's cross-examination does not mean that they stipulated to such effect when they agreed that the plaintiff, for medical reasons, would be excused from testifying and that his prior testimony would be accepted into evidence.

 There is no conflict between this court's earlier decision in this case and the result reached by the District Court. We remanded the case for a trial on its facts because the plaintiff had alleged sufficient facts, if proven, to entitle him to a verdict. But the plaintiff failed to prove these facts. The only witness to testify that the wood around the pallet holes had rotted was Marrocolla, and the trial court was not obligated to credit his testimony, particularly since it conflicted with his prior testimony and the testimony of the defense witnesses. Nor can we say that the plaintiff and his co-worker had rendered the ship unseaworthy by placing the tongs in the wrong holes. The doctrine of unseaworthiness requires no more than that a ship and appurtenances be reasonably fit for their intended use, and the trial court was justified in concluding that the pallets were reasonably fit. See Hooper v. Terminal Steamship Co., 296 F.2d 281 (2 Cir.1961); Pinto v. States Marine Corp. of Del., 296 F.2d 1 (2 Cir. 1961), cert. denied 369 U.S. 843, 82 S.Ct. 874, 7 L.Ed.2d 847 (1962).

## II.

There is considerably more merit to the shipowner's appeal, and we think the District Court erred in dismissing the third party complaint. If the stevedore fails to use reasonable care in handling equipment or cargo, resulting in foreseeable or potential loss to the shipowner by rendering it likely to suit, the stevedore has breached its warranty of workmanlike service. Paliaga v. Luckenbach Steamship Co., 301 F.2d 403, 408 (2 Cir.1962); Damanti v. A/S Inger, 314 F.2d 395, 397 (2 Cir.1963), cert. denied, Daniels & Kennedy, Inc. v. A/S Inger, 375 U.S. 834, 84 S.Ct. 46, 11 L. Ed.2d 64 (1963). The stevedore is obligated to indemnify the shipowner for any loss incurred because of the stevedore's breach of its warranty of workmanlike service, and this obligation extends to the litigation expenses of defending suits brought against the shipowner. Nicroli v. Den Norske Afrika, 2 Cir.1964, 332 F.2d 651; Paliaga v. Luckenbach Steamship Co., supra; Guarracino v. Luckenbach Steamship Co. v. Turner & Blanchard, Inc., 2 Cir.1964, 333 F.2d 646. There is no question that the stevedore breached its warranty to perform in a workmanlike manner, for the trial court found that the cause of the accident was the negligence of the stevedore's employees. This negligence rendered the shipowner liable to suit, and we see no good reason for forcing the shipowner to bear the expenses of successfully defending the suit when the stevedore would have to bear the shipowner's expenses of unsuccessfully defending the suit. Such a rule would place a premium on losing lawsuits. In Paliaga v. Luckenbach Steamship Co., supra, this court held it an abuse of discretion to dismiss a third party complaint for the shipowner's counsel fees where the stevedore had settled with the plaintiff longshoreman. As the Fifth Circuit correctly observed in Strachan Shipping Co. v. Koninklyke Nederlandsche S. M., N. V., 324 F.2d 746, 747 (5 Cir.1963), cert. denied, 84 S.Ct. 1219 (1964), the case for the shipowner in this situation is stronger than it was in Paliaga. The isolated cases which have refused to award counsel fees to the shipowner in this situation have been sharply criticized; one has even been repudiated by its author. Bielawski v. American Export Lines, 220 F.Supp. 265 (E.D.Va. 1963). The better reasoned cases support the award of counsel fees to the successful shipowner. Strachan Shipping Co. v. Konindlyke Nederlandsche S. M., N. V., supra; Gonzales v. Penna. Railroad Co., 183 F.Supp. 779 (S.D.N.Y. 1960). The burden is best placed on the stevedore who can minimize expense and injury by insisting on greater safety precautions. Guarraccino v. Luckenbach Steamship Co., supra.

We hold that the District Court abused its discretion in failing to permit the recovery of counsel fees on the third party complaint.

Inasmuch as the parties have agreed that the $6,600 in counsel fees expended by the shipowner is fair and reasonable, we direct the entry of judgment against the stevedore for that amount plus disbursements of $999.81, making a total judgment of $7,599.81. Since part of the shipowner's efforts on appeal were devoted to resisting the claims of the plaintiff, we also tax the stevedore $300 for reasonable attorney's fees on that portion of the appeal to be paid to counsel for the shipowner. Nicroli v. Den Norske Afrika, supra; Guarraccino v. Luckenbach Steamship Co., supra.

The order dismissing the complaint is affirmed. The order dismissing the third party complaint is reversed and the entry of judgment for the third party plaintiff is ordered.