ELLERMAN LINES, LTD., Appellant,

v.

ATLANTIC & GULF STEVEDORES,
INC.

No. 14830.

United States Court of Appeals
Third Circuit.

Argued Sept. 24, 1964.

Decided Dec. 11, 1964.

Rehearing Denied Jan. 22, 1965.

Mark D. Alspach, Krusen, Evans &
Byrne, Philadelphia, Pa., (Joseph P.
Green, Krusen, Evans & Byrne, Phila-
delphia, Pa., on the brief), for appellant.

Francis E. Marshall, Philadelphia, Pa.
(Sydney C. Orlofsky, Philadelphia, Pa.,
on the brief), for appellee.

Before HASTIE and FORMAN, Cir-
cuit Judges, and KIRKPATRICK, Dis-
trict Judge.

HASTIE, Circuit Judge.

The district court dismissed as pre-
mature a libel by Ellerman Lines, a ship-
owner, against Atlantic & Gulf Steve-
dores claiming indemnity "for all sums
which it has been compelled to pay and
to incur and for such additional sums as
it may be required to pay hereafter" in

connection with a suit, then and now pending in that court, by Nathan Eckles, a longshoreman employed by Atlantic & Gulf, against Ellerman for personal injury suffered during the stevedoring of Ellerman's ship.

The libel alleged that, pursuant to a contract between the parties, Atlantic & Gulf had undertaken to stevedore Ellerman's vessel in a competent and workmanlike manner, but had failed to do so, and thereby had caused the injuries for which Eckles had sued Ellerman. The libellant also asserted that it "has been compelled to expend money in the nature of investigation expenses and has incurred additional expenses in the nature of counsel fees", will have to incur further expenses and may have to pay a judgment in favor of Eckles. Ellerman supported its libel with an affidavit showing that it had spent $283.29 for costs and other legal expenses. The court below reasoned that such a suit as this cannot be instituted and maintained until the injured longshoreman shall recover against the shipowner in circumstances which provide a legal basis for recovery over against the stevedoring company.

We observe at the outset that Ellerman, by instituting this separate proceeding in admiralty, has deliberately avoided the familiar procedure of impleading the stevedoring company as a third-party defendant in a longshoreman's civil action against the shipowner.[1] In the course of argument, libellant's proctor, with commendable candor, asserted that this was done because of apprehension, based upon experience, that a jury in the civil case would make a less competent and adequate determination of fair counsel fees as an item of indemnification than would a judge considering the same claim in admiralty. We must decide whether this tactical maneuver was lawful and timely.

The libel alleges a promise, whether express or implied,[2] by the respondent to stevedore a vessel in a competent and workmanlike manner, a breach of that promise and consequent damage to the promisee. The alleged breach of the promise to render workmanlike service necessarily occurred no later than the time of Eckles' injury. Therefore, in relation to the alleged breach of duty this libel cannot have been premature. See Unexcelled Chemical Corp. v. United States, 1953, 345 U.S. 59, 65, 73 S.Ct. 580, 97 L.Ed. 821. True, the scope of the respondent's undertaking and the manner of its performance are essential elements of libellant's case and have not been adjudicated. But these are matters for subsequent proof under the adequate allegations of the libel.

■■ The other essential element of the claim is damage caused by respondent's breach of warranty of workmanlike service. In the view of the court below, Ellerman might suffer such damage, including expenses of litigation, when Eckles should recover against it, Brown v. San Alberto Cia Armadora, S. A., 3d Cir. 1962, 305 F.2d 602, but not until then. We disagree. If conduct of Atlantic & Gulf in violation of its warranty to Ellerman was the sole responsible cause of Eckles' injury, as the libel alleges, the expense to which Ellerman is subjected in defending Eckles' suit against it to recover for that injury is an element of damage caused by the respondent's breach of warranty, even if Ellerman succeeds in defeating Eckles' claim. Guarracino v. Luckenbach S.S. Co., 2d Cir. 1964, 333 F.2d 646; Massa

1. The usual procedure is exemplified by the leading case of Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. It is sanctioned by the provision of Rule 14(a), F.R.Civ.P. enabling a defendant to implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him".

2. The Supreme Court has described a stevedoring company's implied warranty of workmanlike service as "the essence of * * * [the] stevedoring contract * * * comparable to a manufacturer's warranty of the soundness of its manufactured product". Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. at 133, 76 S.Ct. at 237.

v. C. A. Venezuelan Navigacion, 2d Cir. 1964, 332 F.2d 779; Strachan Shipping ¡Co. v. Koninklyke Nederlandsche S.M., N.V., 5th Cir. 1963, 324 F.2d 746, cert. denied 376 U.S. 954, 84 S.Ct. 969, 11 L. Ed.2d 972. Cf. Damanti v. A/S Inger, 2d Cir. 1963, 314 F.2d 395, cert. denied 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64. Since Ellerman instituted this libel after it had made necessary out of pocket expenses and incurred obligations for legal services in defending Eckles' suit against it,[3] Ellerman is presently entitled to some recovery if it can prove the allegations of its libel.[4] Accordingly, we conclude that the district court was mistaken in ruling that this proceeding was premature.

■ An additional exceptive allegation by the respondent, that the claim for indemnity is not within admiralty jurisdiction, is without merit. Admiralty jurisdiction exists because this claim is founded upon a maritime contract, more particularly, a contract to be performed and allegedly breached in the rendering of stevedoring services to a ship in navigation. American Stevedores, Inc. v. Porello, 1947, 330 U.S. 446, 67 S. Ct. 847, 91 L.Ed. 1011.

■■ One other matter is of consequence. It would be duplicitous, unnecessarily time consuming, and possibly an invitation to controversy in one proceeding as to what had been decided in another, if Eckles' civil action and this admiralty suit should be tried on separate occasions. The consolidation of a civil action and an admiralty proceeding arising out of the same occurrence is approved practice in this circuit. Jordine v. Walling, 3d Cir. 1950, 185 F.2d 662. Accord, Jesonis v. Oliver J. Olson & Co.,

9th Cir. 1956, 238 F.2d 307. Rule 42(a), Federal Rules of Civil Procedure, confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice.

Eckles, the plaintiff in the civil action, is not before us. Conceivably, consolidation may be objectionable in some respect not now apparent to us. However, upon the remand of this proceeding, the district court on its own motion should consider the question of consolidation. And if it finds no disadvantages outweighing the obvious advantages of consolidation mentioned above, the court should cause this proceeding to be consolidated with the Eckles action for trial.

We are not unmindful that in Fitzgerald v. United States Lines Co., 1963, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720, the Supreme Court has ruled that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts". The Court reasoned that such litigation "is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments". Id. Obviously, the civil and admiralty claims here are asserted by different plaintiffs and are not related to each other in the same way as are a seaman's civil claim under the Jones Act and his admiralty claim for maintenance and cure. While it is arguable that the policy of the Fitzgerald case should be extended to the present situation, that is an unsettled question which has not been briefed or argued and technically is not before us. Therefore, we observe merely that the libellant, having won this battle, may find that it has

---

3. In contrast, no claim was made for damages already suffered in an otherwise similar libel which the district court dismissed in West Africa Navigation, Ltd. v. Nacirema Operating Co., E.D.Pa.1961, 191 F.Supp. 131.

4. Whether in these circumstances and in the light of the flexibility of admiralty

practice any formal amendment of the libel under Admiralty Rule 23 might become necessary or desirable with reference to additional damages incurred between the original filing and an ultimate decree, we need not and do not now decide.

not yet won the war to avoid the submission of its indemnity claim to a jury.

The judgment will be reversed and the cause remanded for further proceedings consistent with and indicated by this opinion.