**ARISTA CIA. DeVAPORES, S.A., a corporation, Terrylin Shipping Corporation, a corporation, Respondents,**

**v.**

**HOWARD TERMINAL, a corporation, Respondent-Impleaded.**

**No. 28810.**

United States District Court
N. D. California, S. D.
Nov. 8, 1965.

Lillick, Geary, Wheat, Adams & Charles, Frederick W. Wentker, Jr., San Francisco, Cal., for respondent, Arista Cia. DeVapores, S.A.

Graham, James & Rolph, Walter M. Schey, San Francisco, Cal., for respondent-impleaded, Howard Terminal.

WOLLENBERG, District Judge.

This case concerns the implied contractual warranty of workmanlike service running from stevedore to shipowner. The specific issue raised by the plaintiff is whether the warranty entitles the ship-

owner to reimbursement from the stevedore for necessary and reasonable lawyers fees incurred by the shipowner in defending the vessel against an unmeritorious personal injury claim by one of the stevedore's workmen.

The case arose out of the performance of a standard oral contract for services by Howard Terminal, a stevedoring contractor (hereinafter "Stevedore") for the benefit of the vessel SS World Leader (hereinafter "Shipowner"). The Stevedore was hired to load scrap metal into the hold of the vessel. One of the longshoremen employed by the Stevedore was injured in the course of the operations when he tripped over a steam pipe guard while walking backward over the deck of the vessel. Thereafter, the injured longshoreman (hereinafter "Workman") filed a Libel in Admiralty seeking damages from the Shipowner on the theory that the vessel's alleged unseaworthiness was the proximate cause of his injuries. The Shipowner reasonably defended himself against the Libel and impleaded the Stevedore company in the course of the proceedings. The workman's Proctor then moved to dismiss the Libel and a dismissal was duly entered. However, the Impleading Petition was not dismissed. Shipowner and Stevedore have stipulated that the workman's own carelessness was the *sole* cause of his injuries. The parties further agree that the vessel was seaworthy in all aspects surrounding the accident.

[1] In order to recover over the costs of the legal defense, the Shipowner must prove that the Stevedore breached his warranty of workmanlike service when his employee brought the unmeritorious personal injury suit. Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779 (2d Circuit 1964). Exactly how much the warranty includes within its ambit is unclear from the recent flurry of cases which have discussed it. Ryan Stevedoring Co. v. Pan Atlantic Steamship Company, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, Strachan Shipping Co. v. Koninklyke, etc., 324 F.2d 746 (5th Cir. 1963), Rederi A/B Dalan v. Maher, 303 F.2d 565 (4th Circuit, 1962), Damanti v. A/S Inger, 314 F.2d 395, 399 (2d Cir. 1963), Guarracino v. Luckenbach, S. S. Co., 333 F.2d 646 (2d Cir. 1964).

This court approaches the issue presented here as one of first impression in the Ninth Circuit. The courts outside the circuit which have touched the specific question of reimbursement of attorney's fees in an unsuccessful lawsuit against the Shipowner have done so mainly by way of dictum. Most cases have dealt with situations in which there was either unseaworthiness on the part of the vessel, Strachan Shipping Co. v. Koninklyke, supra, negligence on the part of a fellow employee, or a lack of supervision by the Stevedore company, Guarracino v. Luckenbach, supra. This case concededly does not involve any of these additional factors but presents for the first time the pure question of which party—Stevedore or Shipowner—must bear the cost of the Shipowner's attorney's fees when an employee injures himself carelessly and henceforth brings an unsuccessful suit for damages against the Shipowner.

Since this case appears to rest on the very edges of the warranty, it is futile to mechanically apply tort and contract doctrines of strict liability, imputed negligence, Drewery v. Daspit Bros, Marine Divers, Inc., 5 Cir., 317 F.2d 425, [indemnity clause] or indemnification. This court must consider, in addition to the dictum of various case holdings, the policy directives of the Longshoremen's Act, the Harbor Worker's Compensation Act, and practicalities of Libel suits in Admiralty.

The Supreme Court in Ryan Stevedoring Co. v. Pan Atlantic S. S. Corp., supra, held that the stevedoring contractor's duties under a standard contract are as follows:

"Competency and safety of stowage are inescapable elements of the service undertaken. This obligation is not a quasi-contractual obligation implied in law or arising out of a non-contractual relationship. It is of the essence of petitioner's war-

ranty of workmanlike service that is comparable to a manufacturer's warranty of the soundness of its manufactured product. The shipowner's action is not changed from one for breach of contract to one for a tort simply because recovery may turn upon the standard of performance of petitioner's stevedoring service."

■ In stressing the contractual nature of the warranty, the Supreme Court in Ryan implies that recovery over does not depend solely on a finding of negligence imputable to the Stevedore.[1] Thus a finding of a lack of negligence on the part of the Stevedore does not in itself resolve the issue here presented in favor of the Stevedore. The standard of performance—workmanlike conduct—may in fact be a guarantee that the Stevedore and its employees will not cause the *Shipowner any harm during the performance of its contractual duties.* For example, if a longshoreman exercising reasonable care were to slip and break the ship's railing during the course of his employment, the Stevedore would be liable to the shipowner for the damage caused regardless of the degree of supervision exercised by the Stevedore over his workmen. Does it follow that the Stevedore, equally without fault, must reimburse the shipowner for damage done by its employee in the form of attorney's fees reasonably expended by the Shipowner in defending against a personal injury suit in which it is found that the injury was caused solely by the workman's

own carelessness? This court holds that it does not. In the former example the *damage* is done while the employee is within the scope of his employment and directly under the supervision of the Stevedore. In the case here presented, the damage to the Shipowner is done, not on the vessel, but in the process of litigation where the workman is acting as his own agent free of the Stevedore's control. Unlike the situation in Damanti v. A/S Inger, supra, (where there was evidence of unseaworthiness) and Guarracino v. Luckenbach, supra (where the supervisor had abandoned his post) the injured workman in this case came to court as a result of his own folly. Therefore, the Shipowner (like all other property owners) must accept the burden of defending himself against unmeritorious claims of workman invited on his premises and cannot look to the Stevedore for reimbursement. If the court were to decide otherwise, undue pressure might be put on longshoremen by their employers to accept compensation rather than sue the Shipowner and run the risk of incurring legal defense fees which the Stevedore company or Contractor would ultimately have to pay. Such a result was not the aim of the Longshoremen's and Harbor Workers' Compensation Act.

In accordance with the above, judgment is entered for the respondent impleaded, Howard Terminal a corporation.

---

1. For this reason respondents' citation of Drewery v. Daspit Bros. Marine Divers, Inc., 317 F.2d 425 (5th Cir. 1963) is not determinative or persuasive. Drewery v.

Daspit involved an express indemnity clause and was decided on the issue of negligence vel non.