Edward D. **HIRSTIUS**
v.
**HESS TERMINAL CORPORATION.**
Civ. A. No. 12932.

United States District Court
E. D. Louisiana,
New Orleans Division.
June 17, 1966.

Edward K. Pinner, Sr., New Orleans, La., for plaintiff.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Liberty Mutual Ins. Co., intervenor, and third-party defendants Liberty Mutual Ins. Co. and La. Stevedores.

Donald L. King and Thomas O. Lind, E. A. Carrere, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

Hirstius, a longshoreman in the employ of a Stevedore, Louisiana Stevedores, Inc., was injured while unloading cargo from a barge owned by defendant, Hess Terminal Corporation. He brought suit against Hess Terminal Corporation alleging negligence and unseaworthiness. Hess Terminal Corporation brought in as a third party defendant Louisiana Stevedores and their insurer, Liberty Mutual Insurance Company, praying for indemnity from third party defendants for any judgment rendered in favor of original plaintiff and for attorney fees, expenses and costs incurred in defending the original suit.

Trial to a jury resulted in a verdict in favor of defendant Hess Terminal Corporation, the jury finding that Hess Terminal Corporation was not negligent, and that the barge was not unseaworthy.

Now before the Court is the claim of Hess Terminal Corporation for attorney fees and costs. In the landmark case of Ryan Stevedoring Co. Inc. v. Pan-Atlantic Steamship Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1958),

the court held that even in the absence of an express indemnity agreement, a stevedoring contractor entering into a service agreement with a shipowner is obligated to reimburse the shipowner for damages resulting from the contractor's failure to perform its services in a workmanlike manner. It is the essence of the stevedoring contract which gives rise to this obligation.

■ The vessel's owner's successful defense of the longshoreman's action does not negate the obligation of the Stevedore to indemnify the vessel owner for reasonable attorney fees and costs incurred in defending the longshoreman's action. Strachan Shipping Co. v. Koninklyke Nederlandsche S.M.N.V., 324 F. 2d 746 (5 CCA, 1963).

■ Only the potential liability of the vessel owner need be shown to establish the vessel owner's claim of indemnification. Damanti v. A/S Inger, 314 F.2d 395 (2 CCA, 1963).

■ If the plaintiff's injury which gives rise to the action is caused by either the plaintiff's own negligence or the negligence of a fellow longshoreman, the warranty is breached, Guarracino v. Luckenbach Steamship Co., 333 F.2d 646 (2 CCA, 1963); Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779 (2 CCA, 1964); Damanti v. A/S Inger, supra.

In the instant case, the plaintiff's injuries occurred when he and fellow longshoremen, at the request of the stevedoring foreman, were pushing a load of pallet boards into an open space on the barge.

■ The jury finding in this case that the vessel was not unseaworthy and the vessel owner was not negligent gives rise to the inescapable conclusion that the negligence of either the plaintiff or his fellow longshoremen, or both, caused the accident in question. This being true, Hess Terminal Corporation is entitled to reasonable attorney fees and costs.

It is, therefore, ordered that the motion of defendant, Hess Terminal Corporation, owner of the Barge I.W.C. 537, for a decree in its favor and against Louisiana Stevedoring Inc. for attorneys' fees and costs be, and it is hereby granted. Unless the parties are able within thirty days to agree upon the amount of such fees and costs, the Court will hear evidence thereon.