■ PERICLES MANNERINI, Respondent, v. ORPHEUS MARINE TRANSPORT CORP., Defendant and Third-Party Plaintiff Respondent-Appellant. STANDARD FRUIT AND STEAMSHIP COMPANY, Third-Party Defendant-Appellant.— Order, Supreme Court, New York County, entered April 27, 1972 denying the third-party defendant's motion (joined in by defendant Orpheus Marine Transport Corp.) for summary judgment dismissing the complaint, and in effect denying third-party defendant's motion to dismiss the third-party complaint is unanimously reversed on the law, the motion granted and the complaint and third-party complaint are dismissed without costs or disbursements. The undisputed facts established that plaintiff was injured while engaged in loading a truck located on a pier, when a skate wheel device within the truck collapsed. It is patently clear that neither the permanently installed conveyer system attached to the pier nor the skate wheel device itself may be considered to be an appurtenance of the vessel. Accordingly, since the injuries were incurred as a result of a land-based accident, the complaint insofar as it is based on the doctrine of unseaworthiness, is without merit. (See *Victory Carriers* v. *Law*, 404 U. S. 202.) Additionally, since defendant neither possessed, owned, operated or had control of or responsibility for either the apparatus used in the loading process or the pier itself, the cause of action for failure to provide a safe place to work is similarly without merit. (*Persichilli* v. *Triboro Bridge & Tunnel Auth.*, 16 N Y 2d 136; *Zucchelli* v. *City Constr. Co.*, 4 N Y 2d 52.) Finally, we do not believe that the defendant is entitled to be indemnified for the counsel fees and expenses it incurred in defending the main action. The third-party defendant's warranty extended merely to the performance of its services in such workmanlike manner so as not to render the vessel unseaworthy. (See *Sandoval* v. *Mitsui Sempaku K. K. Tokyo*, 460 F. 2d 1163; cf. *Arista CIA De Vapores, S. A.* v. *Howard Term.*, 247 F. Supp. 710.) As already stated, the cause of action based upon unseaworthiness is without any foundation whatsoever, and accordingly, since the warranty was not breached, there is no basis for indemnification. Concur — Nunez, J. P., Kupferman, Steuer and Tilzer, JJ.