**GREAT AMERICAN INSURANCE
COMPANY et al., Appellants,**

v.

**BUREAU VERITAS, Appellee.**

**Nos. 541, 542, Dockets 72–1422, 72–1423.**

United States Court of Appeals,
Second Circuit.

Argued March 14, 1973.

Decided May 9, 1973.

Charles S. Haight, Jr., (Haight, Gardner, Poor & Havens, New York City, on the brief), for appellants Great American Ins. Co., American Manufacturers Mutual Ins. Co., Aetna Ins. Co., and Hartford Fire Ins. Co.

Walter L. Hopkins, New York City (William A. Wilson, Wilson & Hopkins, New York City, on the brief), for appellants World Tradeways Shipping, Ltd. and The Steamship Mutual Underwriting Ass'n Limited.

Edwin Longcope, New York City (John F. X. McKiernan, Hill, Betts & Nash, New York City, on the brief), for appellee.

Before HAYS, MULLIGAN and OAKES, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a decision of the United States District Court for the Southern District of New York dismissing the complaint which sought to recover from appellee, a classification society, damages occasioned by the sinking of a ship, the TRADEWAYS II, in the North Atlantic in October, 1965, shortly after her departure from Antwerp, Belgium, bound for the United States.

The first group of appellants consists of the Great American Insurance Company, the American Manufacturers Mutual Insurance Company, the Aetna Insurance Company and the Hartford Fire Insurance Company, insurers of the charterer of the TRADEWAYS II. They will be referred to as the "Great American group." The second group of appellants is made up of World Tradeways Shipping Ltd. and Steamship Mutual Underwriting Assoc. Ltd., respectively,

the owner and the underwriter of the TRADEWAYS II.

The Great American group sued Bureau Veritas, the classification society which surveyed the TRADEWAYS II before it departed from Antwerp, for negligence and breach of warranty. They sought indemnification by way of subrogation for the amounts which they, as insurers of the charterer, paid out in compromise of the claims asserted against the charterer as a result of the loss of the ship.[1] A second suit was commenced by the owner and underwriter of the ship against Bureau Veritas for indemnification for sums paid out on their behalf. The two suits were consolidated for trial and for appeal.

The trial was limited by agreement of the parties to the issue of liability. The court had before it a stipulation of undisputed facts, numerous exhibits that were for the most part agreed upon by the parties prior to trial, and the testimony of witnesses as to the facts and of expert witnesses. The court dismissed the complaints of both groups of plaintiffs, 338 F.Supp. 999 (S.D.N.Y.1972), saying:

> "Insofar as plaintiffs have failed to meet their burden of proving by a preponderance of the evidence that the alleged breach of warranty or duty was the proximate cause of the sinking, that there were in fact breaches of either warranty or duty, or that the principles of either tort or contract law would entitle them to recovery, judgment is entered in favor of the defendant."

338 F.Supp. at 1002.

■ There was no direct evidence that the defects surveyed and reported by Bureau Veritas but left unrepaired caused the sinking of the TRADEWAYS II. Weighing such evidence as there was the district court came to the conclusion that appellants had failed to establish a causal relationship between Bureau Veritas' negligence and the loss of the TRADEWAYS II. No sufficient reason is advanced to justify our disregard of the court's findings as to causation. Therefore, even assuming the classification society was negligent, appellants cannot recover. See In re Marine Sulphur Transport Co., 460 F.2d 89, 101 (2d Cir.), cert. denied, 409 U.S. 982, 93 S.Ct. 326, 34 L.Ed.2d 246 (1972).

■ On appeal, the appellants assert that even if they failed to establish that the negligence of Bureau Veritas caused the sinking of the ship, they should recover on the ground that Bureau Veritas' negligence in not denying classification in the presence of the report reciting the unrepaired defects in the vessel created such a *risk of liability* that appellants were justified in settling the cargo claim.

However, appellants did not have to assume the risk of liability. They could have vouched in Bureau Veritas to defend the cargo claims and thus secured a test of Bureau Veritas' liability. Having chosen not to adopt that course they cannot now complain of the holding in their independent suit that Bureau Veritas' negligence was not proved to be the cause of the loss. See Damanti v. A/S Inger, 314 F.2d 395 (2d Cir.), cert. denied, 375 U.S. 634, 84 S.Ct. 46, 11 L.Ed. 2d 64 (1963).

1. Nimpex International, Inc., the subvoyage charterer of Midland, sued both Midland and World Tradeways for cargo loss, seeking damages in excess of one million dollars. On the advice of counsel, the claim was settled for $220,000. Of this amount, the Great American group paid $130,000 on behalf of Midland and the owner and underwriter paid $90,000.