**Arthur H. MATHIESEN, as owner of the M/S BETTINA, Plaintiff-Appellee,**

v.

**PANAMA CANAL COMPANY, Defendant-Appellant.**

No. 75–1767.

United States Court of Appeals, Fifth Circuit.

May 4, 1977.

Rehearing Denied June 3, 1977.

Dwight A. McKabney, Earl R. McMillin, Balboa Heights, Canal Zone, for defendant-appellant.

Woodrow DeCastro, Balboa, Canal Zone, Richard G. Ashworth, New York City, for plaintiff-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The Norwegian vessel BETTINA was involved in a collision in Panama Canal waters while being piloted by an employee of the Panama Canal Company. BETTINA's owner seeks indemnity from the Company for damages paid the other vessel and for the expenses of its own repairs incurred in settlement of a lawsuit brought against the BETTINA in Holland. From a judgment against it, the Panama Canal Company contends the district court erroneously judged the reasonableness of the Dutch settlement on the basis of the probable results of the Dutch litigation. The Company asserts that a Dutch board of inquiry opinion that would have been considered in the Dutch litigation was biased, and the district court should have assessed damages on an independent evaluation of the facts of the collision. Holding that the district court properly judged the reasonableness of the settlement in light of the probable outcome of the Dutch litigation and used that guide for damages, we affirm.

In May 1968 in Canal Zone waters, the BETTINA, under command of a Panama Canal Company pilot as required by law (35 C.F.R. § 105.1 (1976)), collided with a Dutch vessel, the GABONKUST. The Dutch ship, having completed her canal transit, had dropped her pilot and was under direct command of her master. The details of the collision are unimportant to the issue raised on appeal. It is sufficient to state that the master of the GABONKUST and the Panama Canal pilot aboard the BETTINA both negligently breached certain of the applicable international Regulations for Preventing Collisions at Sea. 33 U.S.C.A. §§ 1051 et seq., 1090. The trial court so held and neither party argues to the contrary.

An immediate investigation by the Canal Zone Government Board of Local Inspectors, pursuant to 35 C.F.R. § 117.1 (1976), revealed both pilots to be at fault. The Board specifically found there was no fault on the part of the BETTINA or her crew.

About a year later, the Dutch maritime authorities investigated the accident to de-

termine if any seamen on the Dutch ship should be disciplined. The authorities concluded that the captain "of the 'GABONKUST' is in no way to blame for the collision," but made no judgment regarding the navigation of the BETTINA.

In February 1970 the BETTINA was attached *in rem* while calling at Rotterdam, and suit was commenced in the Dutch courts by the GABONKUST's owners for the damages suffered in the collision. The BETTINA made a formal tender of the defense of this action to the Panama Canal Company. The Company refused. The BETTINA then entered into a settlement of the litigation which called for it to absorb approximately 70% of the total collision loss. The damage to the GABONKUST totalled $178,000 and the damage to the BETTINA was $57,000. The settlement required the BETTINA to pay the GABONKUST $105,000. Since the BETTINA would also have to absorb her own $57,000 loss, she was held responsible for $162,000 out of a total collision loss of $235,000.

The owner of the BETTINA then commenced this action in the District Court for the Canal Zone to recover this $162,000 from the Panama Canal Company. The plaintiff claimed that the sole basis of its liability to the GABONKUST and the cause of the BETTINA's own damage was the negligence of the Canal Company pilot, and that it was entitled to indemnity for the full amount of the settlement. The issue in the district court was the reasonableness of the settlement. After considering the facts surrounding the collision, the Dutch board of inquiry proceedings, and the testimony of Dutch lawyers as to the probable size of a judgment in the Dutch courts, the district court held that the settlement was reasonable because a Dutch court probably would have held the BETTINA liable for 75% of the total loss. It is from this judgment that the Canal Company appeals.

■ There are broad areas of agreement in this case. The Canal Company does not challenge the right of the plaintiff to indemnity in some amount. Both parties agree that a proper tender of defense was made to the Canal Company during the course of the Dutch settlement negotiations. They also agree that the test for recovery from an indemnitor who has been tendered the defense of a case is a two-pronged one requiring (1) a showing that the indemnitee is potentially liable to the third party, and (2) a showing that the settlement was for a reasonable amount. *West Coast Ter. Co. v. Luckenbach S.S. Co.,* 349 F.2d 568 (9th Cir. 1965); *Damanti v. A/S Inger,* 314 F.2d 395 (2d Cir.), *cert. denied,* 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963).

The first prong of this test in conceded. The sole disagreement concerns which factors may be considered in assessing the reasonableness of the settlement, and the definition of the term "reasonable."

2 C.Z.C. § 296 (1963) provides that the District Court of the Canal Zone is the exclusive forum for certain suits against the Company. The Company contends that when a party seeks indemnity from it, the Canal Zone court must make its own determination of the percentage fault of each party. This result should then be compared with the actual settlement reached by the parties to the collision. If the settlement exceeds the amount thus determined, the Canal Company argues, it is not reasonable and there should be no indemnity for the excess. In coming to this conclusion there would, of course, be no reason to consider board of inquiry proceedings in foreign forums or the opinions of foreign attorneys as to the likely outcome of litigation pending in their courts. Where, as in this case, such proceedings are *ex parte* and violative of the hearsay rules, the Company argues that their admission into evidence and consideration by the court constitutes error.

The plaintiff argues on the other hand that the concept of a settlement implies payments in lieu of a court-imposed judgment and that the reasonableness of a settlement can only be determined by examining the risk to which the indemnitee would have been exposed in the pending litigation. If that litigation is in a foreign court, the plaintiff maintains, then the

probable result of that litigation is highly relevant in determining if the amount paid in settlement of that litigation was reasonable.

The courts have never thoroughly addressed this issue. What guidance the cases do afford, however, supports the plaintiff's interpretation. As the Second Circuit observed in *Damanti v. A/S Inger,* 314 F.2d 395, 397 (2d Cir.), *cert. denied,* 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963):

> The ship need not establish that it was in fact liable to the claimant so long as the claimant's injury on the ship and a potential liability on the facts known to the ship are shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of possibility of claimant's success against the ship.

Similarly in *West Coast Ter. Co. v. Luckenbach S.S. Co.,* 349 F.2d 568, 570 (9th Cir. 1965), the court referred to a settlement "for a reasonable amount under the circumstances."

■ Reasonableness ordinarily is to be measured by the extent of financial exposure the settling party faces in the court where he will have to litigate if he does not settle. This rule applies even if that court is a foreign forum. We express no opinion on when, if ever, a settlement which is the product of fraud or duress or which is entered into to avoid litigation before a clearly biased forum can be reasonable. Since in the instant case there is neither any indication of impropriety in the Dutch courts which would have heard this suit nor any evidence that the settlement was collusive, this issue is not before us. This rule does not undercut 2 C.Z.C. § 296 (1963), which makes the District Court for the Canal Zone the exclusive forum for suits against the Canal Company based on accidents in the Zone caused by the negligence of Company employees. That court remains the final arbiter of the reasonableness of settlements.

■ Applying this definition of the reasonableness standard to this case, several things become apparent. First, the testimony of the foreign attorneys as to the likely results of litigation in their courts was clearly relevant. If the attorneys were biased because they were the parties who negotiated the settlement in the first instance, that fact goes solely to weight and not to admissibility. All relevant testimony is admissible unless some specific rule of evidence excludes it. Fed.R.Evid. 402.

■ Second, once there was evidence that the Dutch court would have considered the findings of the Dutch board of inquiry, it was appropriate for the district court to admit those findings into evidence and consider them as bearing on the likely outcome of a Dutch lawsuit. The Company cites *The Charles Morgan,* 115 U.S. 69, 5 S.Ct. 1172, 29 L.Ed. 316 (1885), as standing for the proposition that the findings of *ex parte* maritime disciplinary boards are always inadmissible. That case, however, merely stands for the concept that, when offered to prove the truth of the matters asserted therein, a report is inadmissible hearsay. In the instant case the report was not offered to show that the master of the GABONKUST was free of fault, the matter asserted by the report, but so the district court would know what a Dutch court would consider. It was thus not hearsay and was highly relevant to the inquiry concerning the possible size of a Dutch judgment. Reliance on *The Condor,* 8 F.Supp. 929 (S.D.N.Y.1934), *aff'd* 84 F.2d 3 (2d Cir.), *cert. denied,* 299 U.S. 586, 57 S.Ct. 111, 81 L.Ed. 432 (1936), is equally unavailing under the same analysis.

■ Third, the refusal of the district court to give substantial weight to the report of the Canal Zone Government Board of Local Inspectors was not improper. Notwithstanding the quality of that body's report, there is no indication that it would have been considered by a Dutch tribunal or would have affected the amount that the GABONKUST might have recovered from the BETTINA if the Dutch proceedings had gone to trial.

In this case the district court found that (1) there was no dispute as to the exact

amount of damages; (2) the Dutch board had exonerated the GABONKUST and the findings of that board are accorded great weight by the Dutch courts; (3) such findings would carry particular weight in this case because the presiding officer of the board at the time of this inquiry would have sat as a judge on the court that would have decided the case; (4) the Dutch courts would engage in percentage apportionment of fault between the two vessels; and (5) if the case had gone to final judgment, the BETTINA would probably have been forced to bear 75% of the total accident loss. Based on these findings, the district court concluded that the settlement resulting in BETTINA's assuming 70% of the loss was reasonable. These findings are not clearly erroneous under the proper standard of reasonableness.

AFFIRMED.