Angelo **SANTAMARIA**, Libelant-Appellant,

v.

THE SS **OTHEM**, Fearnley & Egger, Inc., R. Myrsten & Rederi, A/B/Volo, Respondents-Appellees.

No. 30, Docket 25602.

United States Court of Appeals Second Circuit.

Argued Nov. 4, 1959.

Decided Dec. 1, 1959.

---

Di Costanzo & Klonsky, Brooklyn, N. Y. (Robert Klonsky, Brooklyn, N. Y., on the brief), for libelant-appellant.

Haight, Gardner, Poor & Havens, New York City (William P. Kain, Jr., Thomas F. Molanphy, New York City, of counsel), for respondents-appellees.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Libelant is a longshoreman who sustained injuries while engaged in unloading operations aboard respondent vessel. After presentation of evidence by both parties the court below entered a decree for respondent, holding that libelant's injuries did not result from any unseaworthy condition of the ship. The opinion is reported at D.C.E.D.N.Y. 1959, 170 F.Supp. 866.

Although libelant urges a different factual setting, the court below found that libelant sustained his injuries as the result of a loss of footing occasioned by rainwater which had left the deck slippery. Since this finding was not clearly erroneous, it is not to be set aside by this court. McAllister v. United States, 1954, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20 modification denied, 348 U.S. 957, 75 S.Ct. 447, 99 L.Ed. 748; Alison v. United States, 2 Cir., 1958, 251 F.2d 74, 76. Nor do we disagree with the ruling of the court below that a deck made slippery by rainwater does not constitute an unseaworthy condition. See Daniels v. Pacific-Atlantic S.S. Co., D.C.E.D. N.Y.1954, 120 F.Supp. 96, 98, and cases there cited. However, the court below also found that one of the guys on a boom near which libelant was stationed had broken and that libelant left his post and went to the place of his injury in order to examine the condition of the boom. Libelant contends that this broken guy constitutes an unseaworthy condition entitling him to recover from the vessel.

The court below seems to have found that the deck at the location where the injury occurred was no more slippery

than the deck at the location where libelant was originally stationed.[1]  Given such a finding, the broken guy could not have caused the injury.  But even if the deck at the scene of the accident was peculiarly slippery, the broken guy cannot be said to have proximately caused the injury for there was, no showing that libelant had any duty to repair the boom, or that the appearance of the boom was so alarming as to awaken in libelant fears for his own safety or that of his co-workers.  See Jackson v. Pittsburgh S.S. Co., 6 Cir., 1942, 131 F.2d 668, 670.

Decree affirmed.

1. In his argument before this court libelant contends that the deck where the injury occurred was peculiarly slippery because drain pipes from a higher deck emptied upon this portion of the main deck before the water drained over the side of the vessel.  In its opinion, D.C., 170 F.Supp. 866 at page 870, the court below stated: "It is found that no such condition was created as is argued for the libelant, on the upper deck, and that his fall did not result from an accumulation of water on the upper deck which found its way to the main deck."