Clarence J. CASWELL, Plaintiff,

v.

KONINKLYKE NEDERLANDSCHE STOOMBOOT MAALSCHAPPY, N. V., Defendant and Third-Party Plaintiff,

v.

STRACHAN SHIPPING COMPANY, Third-Party Defendant.

Civ. A. No. 13723.

United States District Court
S. D. Texas,
Houston Division.

Oct. 30, 1962.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney, Houston, Tex., for defendant and third-party plaintiff.

Robert Eikel and Theodore Goller, Jr., Houston, Tex., for third-party defendant.

INGRAHAM, District Judge.

This memorandum deals with the last unresolved issue growing out of a damage suit by Clarence J. Caswell, a longshoreman, against Koninklyke Nederlandsche Stoomboot Maalschappy, N. V., the shipowner, who in turn impleaded Strachan Shipping Company, the stevedore. For a statement of the facts and the decision of the court on other issues in this case see D.C., 205 F.Supp. 295. In that memorandum the court answered in the affirm-

ative the question, "Is the third party plaintiff entitled to recover expenses and attorney's fees over against a third party defendant where the third party plaintiff has successfully defended against a suit for injury for which the jury found the third party defendant solely responsible?" After the foregoing question was answered the shipowner and the stevedore were unable to agree on the amount of the fees and expenses for which the stevedore was liable. Therefore the court held a hearing for the sole purpose of ascertaining the amount of the stevedore's liability.

The evidence taken at the hearing established the following: Shipowner's counsel spent 104 hours on this case and incurred expenses of $1,892.66. Of that total approximately 26 hours and $861.80 of the expenses were spent on getting the stevedore into the case and establishing that the stevedore, rather than the shipowner, was responsible for the plaintiff's injury, and finally that in Houston an attorney of the experience and stature of shipowner's counsel commands $25–$35 an hour for a tort claim of this type.

■ The stevedore argues that unless the contract of indemnity says otherwise, and it does not in this case, he should only be held liable for the shipowner's expenses incurred in defending against the longshoreman's claim. The court agrees with this argument. In effect the stevedore is contending that the shipowner's expenses in this suit be broken down into three categories; expenses incurred in defending against the plaintiff's claim for damages, expenses incurred in impleading the third party defendant, and expenses incurred in trying to prove that liability, if there is any, should be borne by the third party defendant. The great weight of authority supports such a division. See, e. g., Paliaga v. Luckenbach Steamship Co., (2d Cir. 1962), 301 F.2d 403, 409; General Electric Co. v. Mason & Dixon Lines, Inc. (D.C.W.D.Va. 1960), 186 F.Supp. 761. The only case that the shipowner cites in support of its contention that the stevedore is liable for the total attorney's fees is Vaughan

v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88. In that case the Supreme Court allowed a seaman to recover the attorney's fees he paid incident to bringing a suit for maintenance and cure. Even though that case involved a seaman, historically the ward of the court, the Supreme Court recognized a need to find that the defendant had acted callously toward the plaintiff before bringing into play its inherent equitable power. The facts of the case at hand do not require such a drastic remedy.

In addition to the authorities just quoted there are good reasons for limiting the amount of recovery allowed the shipowner. It is true that the stevedore is indemnitor for the ship but he is only a limited indemnitor, for unless his fault is proved the ship cannot recover over in the third party action. Thus, in this respect, the shipowner and the stevedore are opposing parties. This being so, the stevedore should not have to pay the shipowner that part of the fee that was used to show the stevedore's liability. To put this another way, it would seem that even if the stevedore accepted the task of defending the longshoreman's suit the shipowner would still have the expense of staying in the suit for the purpose of showing that the stevedore is liable.

■ Furthermore to extend the indemnity to include the cost of impleading the stevedore would mean that the cost of enforcing a legal right would be shifted from the right holder to the party that has breached its duty. The well-settled rule in the United States is that, in general, one suing on a contractual right pays the attorney's fees incident to enforcing that right. See 42 C.J.S. Indemnity § 13d, p. 587. Thus it seems to the court that this is the proper rule to apply under the circumstances here.

■ Shipowner will be allowed recovery for 78 of the 104 hours at the rate of $30 per hour, plus expenses and disbursements advanced in the sum of $1,030.86, for a total amount of $3,370.86.

The clerk will notify counsel to draft and submit appropriate order.