STRACHAN SHIPPING COMPANY
et al., Appellants,

v.

KONINKLYKE NEDERLANDSCHE
STOOMBOOT MAALSCHAPPY,
N.V., Appellee.

No. 20371.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1963.

See also, 5 Cir., 304 F.2d 545.

Robert Eikel, Eikel, Feltner & Goller, Houston, Tex., Theodore Goller, Houston, Tex., of counsel, for appellant Strachan Shipping Co.

John P. Forney, Jr., Eastham, Watson, Dale & Forney, Houston, Tex., for appellee Koninklyke Nederlandsche Stoomboot Maalschappy, N. V.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

GEWIN, Circuit Judge.

This appeal presents a case of first impression for this Court. The problem to be resolved is whether a shipowner is entitled to recover from the stevedore, a third party defendant, attorneys' fees and expenses for defending a suit by an injured longshoreman where the jury made the following findings in answer to specific interrogatories propounded by the court: (a) the shipowner was blameless, was not guilty of negligence and the ship was not unseaworthy; (b) the proximate cause of the injury was the stevedore's failure to perform its duties in a safe and workmanlike manner because it made improper use of the ship's loading facilities; and (c) the plaintiff longshoreman was injured. In answer to the interrogatory as to whether the failure of the stevedore to load the cargo in a safe and workmanlike manner was a proximate cause of plaintiff's injury, the jury answered: "Yes. We feel that the extent of this injury does not warrant any compensation." The trial court awarded to the shipowner that part of his attorneys' fees that were incurred in defending against the longshoreman's claim, but refused to award any attorneys' fees incurred in "getting the stevedore into the case and establishing that the stevedore, rather than the shipowner, was responsible * * *." 223 F.Supp. 102.

We cannot follow the argument of the stevedore that it is not liable because there was no express contract of indemnity, " * * * but only an obligation or warranty implied by law *to perform its services properly.*" (emphasis add-

ed) [1] It is contended that to extend such warranty to cover attorneys' fees incurred in a successful defense of a long-shoreman's claim would cast an intolerable burden on the stevedore. It would require the stevedore to foot the bill for all claims, however groundless, and would hold him responsible for the actions of a third party over whom he has no control. The short answer to such arguments is that the jury found that the stevedore *did not perform its services properly*. If it had done so, there would have been no lawsuit of the kind here involved. Breach of an implied contract stands on the same footing as breach of an express contract in the circumstances of this case. Gonzalez v. Pennsylvania R. Co., (S.D.N.Y.1960) 183 F.Supp. 779.

Among other cases, the court below relied heavily on Paliaga v. Luckenbach Steamship Co., 2 Cir. 1962, 301 F.2d 403, a case very similar to the one at bar. It was there held that after the stevedore had settled with the longshoreman while trial was in progress, the court should have continued with the trial of the case for the purpose of determining the shipowner's claim against the stevedore for attorneys' fees. The stevedore here claims that all of the authorities relied on by the trial court are distinguishable, and it centers its attack particularly on the trial court's interpretation of the decision in the Paliaga case. The distinction, argues the stevedore, is that the act of effecting a settlement by the stevedore in Paliaga resulted in " * * * thus acknowledging that it had in all likelihood exposed the shipowner·to liability by creating or. activating an unseaworthy condition on the vessel, which was the only issue still under consideration by the jury at the time of the settlement." It is true that the jury failed to find unseaworthiness in the instant case, but it did find that the steve-

dore was the guilty party and that its conduct was the proximate cause of the injury. It seems to us that such a finding by the jury creates a stronger argument that the conduct of the stevedore "in all likelihood exposed the shipowner to liability," than did the fact of settlement in Paliaga. The cause of the exposure in this case is definitely tied to the conduct of the stevedore. Reality in this case gives stronger support for the position of the shipowner than did probability or "likelihood" in the Paliaga case. A finding by the jury ought to carry as much weight as an acknowledgment of a probability.

Finally, the stevedore, viewing the case with keen hindsight, contends that "The plaintiff's suit here was completely without merit." We must view the case not only with hindsight but also with foresight. We cannot overlook the finding of the jury that the ship was entirely blameless; nor its finding that the stevedore failed to perform its duties in a safe and workmanlike manner. The plaintiff's suit was not completely without merit. It must be appraised to some extent, at least, by the appearance of things before the case was tried. The facts were as well or better known to the stevedore than they were to the shipowner. The defense of the case was declined by the stevedore.

The conclusion here reached is limited to the facts of this case wherein the jury failed to find unseaworthiness or negligence on the part of the shipowner, but did find that the stevedore failed to discharge its duties in a safe and workmanlike manner because it failed to use the ship's loading facilities properly, which was the proximate cause of the plaintiff's injury. We fully concur in the clear and logical opinion of District Judge Ingraham.

Judgment affirmed.

---

1. Ryan Stevedoring Co. v. Pan Atlantic S.S. Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1955).