333 F.2d 646
 Nicholas GUARRACINO, Libelant-Appellant,
v.
LUCKENBACH STEAMSHIP COMPANY, Inc., Respondent-Appellee and Third-Party Libelant as Cross-Appellant,
v.
TURNER & BLANCHARD, INC., Third-Party Respondent as Cross-Appellee.
Louis NAPOLI, Libelant,
v.
LUCKENBACH STEAMSHIP COMPANY, Inc., Respondent-Appellant,
v.
TURNER & BLANCHARD, INC., Third-Party Respondent as Cross-Appellee.
 No. 463.
 Docket 28379.
 United States Court of Appeals Second Circuit.
 Argued May 6, 1964.
 Decided June 5, 1964.
 
 Jacob Rassner, New York City (Solomon J. Cohen, New York City, on the brief), for libelant-appellant.
 John J. Crowley, New York City (Burlingham Underwood Barron Wright & White, New York City, on the brief), for Luckenbach S.S. Co.
 Patrick E. Gibbons, New York City (Terhune, Gibbons & Mulvehill, New York City, on the brief), for Turner & Blanchard.
 Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge.
 
 
 1
 Guarracino, a longshoreman employed by the stevedoring firm of Turner & Blanchard, Inc., was injured in a fall while attempting to climb from the hatch of a ship owned by the Luckenbach Steamship Co., Inc. He brought suit against Luckenbach, which impleaded Turner and Blanchard. This case and a companion case were consolidated for trial in the admiralty, diversity not being present. On trial to the court in the Southern District of New York, Richard H. Levet, District Judge, the court held the sole cause of the accident libelant's negligence, found no unseaworthiness and no negligence on the part of the shipowner or stevedore, and dismissed the action and the third party claims for indemnity. Guarracino and Luckenbach appeal from these determinations; Napoli did not. We agree that there was no unseaworthiness and no negligence on the part of the shipowner and affirm the judgment dismissing libelant's action. We disagree with the determination that the stevedore was not liable for the cost of defense on the facts found, and reverse and remand for determination of the costs and expenses of defense of the action including reasonable attorney's fees on trial and on appeal.
 
 
 2
 Guarracino was a member of a hatch gang, bossed by his father, that was unloading a cargo of canned goods in cartons in the #4 lower hold of the S.S. Marine Snapper, when the whistle blew a few minutes before quitting time. The hatch boss had sent for one of the several portable ladders available on the ship, and had left the scene, telling the men to wait. The instructions by the stevedore to the hatch boss required the hatch boss to await the arrival of a ladder when one was ordered. A fixed ladder in a vertical shaftway at the forward end of the hatch opening was accessible at the time. Libelant and a fellow longshoreman, rather than wait for the portable ladder or walk a short distance to the fixed ladder, climbed a stack of cartons. Guarracino succeeded in getting one leg over the edge of the hatch opening when he slipped and fell, the other longshoreman falling with him, and both were injured. These factual findings were soundly based on competent evidence before the court and plainly justify the findings that the ship was neither unseaworthy nor negligent. The ship breached no duty to Guarracino, and since it was properly equipped with fixed and portable ladders to permit safe egress from the hatch, it cannot be termed unfit for its intended service. The case is readily distinguishable from the recent decisions of the Third Circuit,[1] brought to our attention by libelant's counsel after oral argument, that espouse the view that the longshoremen's negligent use of the ship's equipment to create an unsafe condition may make the ship unseaworthy. Here the accident was caused by the longshoreman's negligence in failing to use the ship's seaworthy equipment. Of course, this negligence would not be an absolute bar to recovery if the ship had been negligent or unseaworthy, but it cannot by itself convert a seaworthy ship into an unseaworthy one or a non-negligent shipowner into a negligent one. No unsafe condition was created, for the cartons were never intended to serve as a ladder. It is no answer to say, as libelant does, that longshoremen are habitually careless.
 
 
 3
 The determination that the ship was neither negligent nor unseaworthy does not, however, relieve the stevedore from liability to the shipowner for breach of warranty of workmanlike service. Recovery over may be had even if the shipowner is exonerated from fault or unseaworthiness. Strachan Shipping Co. v. Koninklyke Nederlandsche S. M., N. V., 324 F.2d 746 (5 Cir. 1963), cert. denied 84 S.Ct. 969 (1964); Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779 (2 Cir. 1964). Potential liability is sufficient. Damanti v. A/S Inger, 2 Cir. 1963, 314 F.2d 395, cert. denied Daniels & Kennedy, Inc. v. A/S Inger, 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963). While the shipowner has been successful in defense of the main action, he has suffered loss, in the form of attorney's fees and expenses in the defense, caused by the actions of the stevedore's employees in two respects which we hold were in breach of the stevedore's warranty of workmanlike service. These are the abandonment of his post by the hatch boss in the face of his general instructions to stay at a hatch until a ladder was brought, and the action of libelant, when a safe alternative was available, in taking a way out likely to cause injury to himself and his fellow worker. For these losses a stevedore is liable on its warranty. Damanti v. A/S Inger, supra; Paliaga v. Luckenbach Steamship Co., 2 Cir. 1962, 301 F.2d 403; DeGioia v. United States Lines Co., 2 Cir. 1962, 304 F.2d 421; and see Nicroli v. Den Norske, etc., 2 Cir. 1964, 332 F.2d 651 and Massa v. C. A. Venezuelan Navigacion, supra. This rule would apply even if the unsafe conduct was that of the injured longshoreman alone. Damanti v. A/S Inger, supra. This is as it should be, for it is the stevedore, in direct control of the hatch boss and the worker, who can best avoid the injury and expense by insistence on observance of safety precautions.
 
 
 4
 We therefore reverse and remand for entry of judgment on the shipowner's claims for indemnity for the expenses of defending Guarracino's and Napoli's actions at trial and in defending Guarracino's appeal, including reasonable attorney's fees.
 
 
 
 Notes:
 
 
 [1]
 Ferrante v. Swedish American Lines, 331 F.2d 571 (3 Cir. 1964); Thompson v. Calmar Steamship Corp., 331 F.2d 657 (3 Cir. 1964)