Joseph **DENARO**, Libelant-Appellant,

v.

**UNITED STATES** of America,
Respondent-Appellee,

v.

**AMERICAN STEVEDORES, INC.**,
Respondent-Impleaded-Appellee.

No. 25, Docket 28836.

United States Court of Appeals
Second Circuit.

Argued Sept. 29, 1964.

Decided Oct. 16, 1964.

---

Robert Klonsky, Brooklyn, N. Y. (DiCostanzo, Klonsky & Sergi, Brooklyn, on the brief), for libelant-appellant.

Harry L. Hall, Atty., Admiralty & Shipping Section, Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Joseph P. Hoey, U. S. Atty., Louis E. Greco, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice on the brief), for respondent-appellee.

Joseph M. Costello, New York City (George J. Conway, New York City, on the brief), for third-party-respondent-appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Denaro, together with other marine carpenters, went aboard the U.S.N.S. Lieutenant Robert Craig to chock, lash and otherwise secure the deck cargo. It started to rain and the men took cover. The rain stopped at about 7 P.M. and they commenced their work. At about 8 P.M. Denaro mounted a conex wooden box for the purpose of nailing chocks or capping at the edges of the box to protect it against the lashing that would secure the cargo. Once on top of the box, he slipped or lost his footing and fell to the deck.

Denaro sought recovery for his injuries from the United States, the shipowner, under the theory that it had been negligent and breached the warranty of seaworthiness [1] by failing to provide him with a "reasonably safe place to work." The surface from which Denaro fell was covered with weatherproofing paper and the rain wet this paper, yet this alone did not make the top of the box an unsafe place to work. See Colon v. Trinidad Corp., 188 F.Supp. 97, 100 (S.D.N.Y. 1960); Santamaria v. The SS Othem, 272 F.2d 280, 281 (2 Cir. 1959); Lieberman v. Matson Navigation Co., 300 F.2d

[1]. Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953) establishes that Denaro, although a carpenter not employed by the shipowner, is entitled to the protection of the warranty of seaworthiness, and that this protection supplements rather than displaces his right to recover in negligence.

661 (9 Cir. 1962). But Denaro based his claim for relief primarily on alleged breaks in the paper from which a tacky and slippery pitch oozed and on the alleged presence on the surface of an appreciable accumulation of dirt or debris. However, the District Judge, sitting as the trier of fact, specifically found that Denaro failed to establish the existence of breaks in the paper, that the skidmark exposing the pitch was the result and not the cause of Denaro slipping, and that Denaro failed to establish that there was an accumulation of dirt or debris or that such matter caused him to lose his footing. These findings are not clearly erroneous and we affirm the denial of relief based on them.

■ The absence of safety rails or guard lines on the top of the box which was ten feet high, twenty feet deep and ten feet wide and itself on a hatch three feet high does not dictate a different result. The District Judge was entitled to conclude that the failure of the United States to provide these railings did not amount to negligence and did not render the ship unseaworthy, especially since he found that it was not customary or usual to provide marine carpenters with safety rails or guard lines when they were chocking. Although we are not unmindful of the U. S. Department of Labor's Safety and Health Regulations for Longshoring, § 9.32(b),[2] in light of the fact that this Regulation was promulgated a year after the accident, that the Regulation was not presented by the libelant to the trier of fact and that it is not altogether clear whether the Regulation applies to the situation before us, we decline to reverse the judgment below on the basis of Denaro's claim that the Regulation "codifies and expresses good practice" which the United States "failed to exercise."

■ The United States is not entitled to be indemnified by Denaro's employer,

American Stevedores, Inc., for the legal expenses incurred in defending itself, for the District Judge found, with ample support in the record, that there was no breach of the warranty of workmanlike service. Massa v. C. A. Venezuelan Navigacion, 332 F.2d 779 (2 Cir. 1964) and Guarracino v. Luckenbach Steamship Co., 333 F.2d 646 (2 Cir. 1964) are inapposite since in both cases there were findings below that the longshoremen were negligent and the warranty of workmanlike service breached.

We therefore affirm in all respects.

---

2. "§ 9.32 Stowed Cargo and Temporary Landing Platforms

\* \* \* \* \*

"(b) When an edge of a hatch section or of stowed cargo more than 8 feet high

is so exposed that it presents a danger of persons falling, the edge shall be guarded by a line safety net or railing." 29 C.F.R. § 1504.32(b)."