Ferdinand **BOUTTE**, Appellant,

v.

**M/V MALAY MARU**, Appellee.

**LOUISIANA STEVEDORES, INC.,**
Appellant,

v.

**Hachiuma KISEN as Owner of the M/V Malay Maru**, Appellee.

No. 23106.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1967.

Rehearing Denied Feb. 13, 1967.

Garland R. Rolling, Metairie, La., H. Alva Brumfield, Sylvia Roberts, Baton Rouge, La., John V. Baus, Ashton R. Hardy and John C. Combe, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Louisiana Stevedores, Inc.

Donald A. Lindquist, Ashton R. Hardy, New Orleans, La., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for Hachiuma Kisen.

Before BROWN, BELL and DYER, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The unsuccessful Libelant-Longshoreman appeals from the adverse findings and decree finding no negligence of the Shipowner or unseaworthiness of the Japanese M/V MALAY MARU. The Stevedore,[1] though joining forces with the Shipowner in sustaining the successful defense, seeks to overturn the Trial Court's award of attorney's fees and costs to the Shipowner for breach of the WWLP.[2] These efforts are likewise unsuccessful so we affirm.

The only real difficulty we have in the case is the sparseness or inadequacy of the Trial Court's findings of fact[3] long required in Admiralty, Rule 46½, now carried forward under the new dispensation, F.R.Civ.P. 52(a).[4] Our task would have been greatly simplified by more detailed, if not more formal, findings on basic liability and causation. But after close analysis of the record we

---

1. Louisiana Stevedores, Inc.

2. Warranty of workmanlike performance. See D/S Ove Skou v. Hebert, 5 Cir., 1966, 365 F.2d 341, 345 n. 6, — AMC —, —; United States Lines Co. v. Williams, 5 Cir., 1966, 365 F.2d 332, 334–335, — AMC —, —.

3. We cannot overemphasize, their importance. Mladinich v. United States, 5 Cir., 1966, 371 F.2d 940. With so much riding on fact findings on either land-based or amphibious notions of clearly erroneous, the outcome frequently depends on the facts found, not controversies over legal principles.

4. See F.R.Civ.P. 1 (Scope of Rules, 39 F.R.D. 73, 213), 81 (Applicability in General, 39 F.R.D. 140,237); see also Supplemental Rule for Certain Admiralty and Maritime Claims, 39 F.R.D. 146–167; Healy, Admiralty and Shipping, 1965 Annual Survey of American Law 547–49 (1966).

are convinced that the oral findings stated into the record at the conclusion of Libelant's case and the arguments of counsel will suffice. If adequate to reveal essential findings, the form is not too important. Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir., 1962, 302 F.2d 146, 1962 AMC 1626.

■ The Court in effect held that the belated effort to blame the accident on insufficient dunnage was a pure afterthought. The accident occurred, so the Court found, by Libelant and a co-worker trying to force into place the last cotton bale in the tween deck hatch squares by jumping on the bale. He fell off the bale onto adjacent bales in the same top tier. That his foot might have slipped into the space between the bales did not compel a finding of unseaworthiness from an absence of dunnage—an element, to be sure, of seaworthiness where appropriate. Strachan Shipping Co. v. Alexander, 5 Cir., 1962, 311 F.2d 385.

■ Here the evidence failed to show that either by custom, practice or the law's quest for reasonable fitness, dunnage was ever laid over the top tier in the square of the tween deck hatch square to afford a completely covered floor. The presence of slight spaces between the bales did not establish unseaworthiness, certainly not as a matter of law. See Nuzzo v. Rederi, A/S Wallenco, Stockholm, Sweden, 2 Cir., 1962, 304 F.2d 506, 1962 AMC 1871, 1883. The Shipowner's victory is therefore sustained.

■ When it comes to the *Ryan* indemnity against the Stevedore, the Trial Court's findings are not inadequate. They are nonexistent. Ordinarily we would vacate and remand. Victory Towing Co. v. Bordelon, 5 Cir., 1955, 219 F.2d 540; Yedlin v. Lewis, 5 Cir., 1962, 299 F.2d 793. The only reason we do not do so here is not the forbidden one that with three heads we think we can do either as well or better. Hughes Tool Co. v. Varel Mfg. Co., 5 Cir., 1964, 336 F.2d 61, 62; Ohio Barge Line, Inc. v. Oil Transport Co., 5 Cir., 1960, 280 F.2d 448, 1961 AMC 375. Rather, it is because the only possible finding in this record would be one of a breach of the WWLP. The injury resulted from the effort to force the bale into place by jumping on it. From the Stevedoring foreman's testimony, it was uncontradicted that this was a bad practice and frowned on by ship and stevedore alike. The practice of the injured workman and his helper did not measure up to the industry's self-imposed standard of performance, and that is enough. D/S Ove Skou v. Hebert, 5 Cir., 1966, 365 F.2d 341, 347–348, —— AMC ——, ——. Attorney's fees, legal costs and expenses are the wake of this malperformance and the Stevedore is cast even though the Shipowner successfully defends against negligence and unseaworthiness. Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, N.V., 5 Cir., 1963, 329 F.2d 746, 1964 AMC 3; Rederi A/B Dalen v. Maher, 4 Cir., 1962, 303 F.2d 565, 1962 AMC 1944; Guarracino v. Luckenbach Steamship Co., 2 Cir., 1964, 333 F.2d 646, 1964 AMC 2240; Healy, Admiralty and Shipping, 1965 Annual Survey of American Law 547, 555 & n. 36 (1966). The indemnity award was proper.[5]

Affirmed.

5. Under the circumstances of this record, the Shipowner must bear the responsibility for the difficulties encountered as to the findings on basic liability. We think no additional fees, etc. are called for on account of the Libelant's unsuccessful appeal.