**Walter McCALL, Appellant,**

v.

**STATES MARINE LINES, INC.,**
**Appellee.**

No. 23863.

United States Court of Appeals
Fifth Circuit.

June 1, 1967.

Robert L. McLaughlin, Orlando G. Bendana, New Orleans, La., for appellant.

Benjamin W. Yancey, Francis Emmett, Christopher Tompkins, New Orleans, La., for appellee, Deutsch, Kerrigan & Stiles and Terriberry, Rault, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

The appellant complains of an adverse jury verdict and judgment thereon in his suit against the owner of the vessel SS BLUEGRASS STATE. At the time of his injury plaintiff was employed as a longshoreman by the stevedore and was working on the vessel. In the course of his activities one of his legs went through a hatch cover while he was walking across the hatch. The appellant contended that the ship was unseaworthy and that the shipowner was negligent in that one of the hatch boards was too short so that it tilted when he stepped on it. The United States had hired the stevedore pursuant to an agreement between the vessel owner and the stevedore. The vessel owner impleaded the United States and the stevedore alleging a breach of warranty of workmanlike performance of the stevedoring duties. The stevedore assumed the defense of the United States.

The trial court concluded that there was no evidence of negligence on the part of the ship and refused to submit that issue to the jury. In answer to special interrogatories the jury found that the vessel was not unseaworthy; and further found that the stevedore had breached its warranty of workmanlike performance and that such breach was the proximate cause of appellant's injuries.

The appellant contends that the trial court committed error in entering judgment on the special verdict of the jury and in denying his motion for a new trial. It is contended that the answers of the jury to the special interrogatories were inconsistent with each other when considered in light of the weight of the evidence. It is further contended that there was sufficient evidence of negligence on the part of the shipowner to require the submission of that issue to the jury for its determination. We are unable to agree with the appellant's contentions and conclude that no error was committed. See Guarracino v. Luckenbach S.S. Co., 333 F.2d 646 (2 Cir. 1964); Strachan Shipping Co. v. Koninklyke Neder. S.M.N.V., 324 F.2d 746 (5 Cir. 1963), cert. den., 376 U.S. 954, 84 S. Ct. 969, 11 L.Ed.2d 972.

The judgment is affirmed.