**Robert PRICE**

v.

**SS YARACUY.**

No. 5323.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 24, 1968.

A. R. Christovich, Jr., New Orleans, La., for American Mutual Liability Ins. Co. and J. P. Florio & Co., Inc.

Robert B. Deane, Leon Sarpy and J. Dwight LeBlanc, Jr., New Orleans, La., for Venezuelan Line and SS Yaracuy.

CHRISTENBERRY, District Judge.

This case, involving the typical Ryan triangle (longshoreman-shipowner-stevedoring company) was tried to the Court without the intervention of a jury, and judgment was entered in favor of the respondent and against the libelant, dismissing the libel and also dismissing the impleading petition while reserving to the respondent its rights for attorney fees and costs.

The Court's judgment was based on a finding that the libelant had failed to prove the ship unseaworthy and that the injury was caused by the negligent operation of otherwise seaworthy equipment. See Antoine v. Lake Charles Stevedores, Inc., et al., 376 F.2d 443 (5th CCA 1967).

The libelant appealed and the case was remanded "for hearing on the issue of whether there is liability under general maritime law based on negligence of a ship's crew contributing to the libelant's injury." Price v. SS Yaracuy, 378 F.2d 156 (5th CCA 1967).

The issue now before the Court is whether the impleaded respondent, J. P. Florio & Co., Inc. (hereafter referred to as Florio) is still a party to this litigation.

Florio's argument is apparently based on two separate contentions. First it contends that since the remand is for the purpose of determining if there is liability on the part of the ship under the General Maritime Law based on negligence by the ship's crew contributing to the libelant's injury, this very negligence which might give rise to liability on the part of the ship would defeat the indemnity action against Florio. At this stage of the proceedings, however, the potential liability of Florio cannot be determined because not every act of neg-

Garland R. Rolling, Metairie, La., for plaintiff.

ligence on the part of a ship's crew necessarily precludes recovery by the ship in its indemnity action against the stevedore. No well defined lines have yet been drawn by the courts as to exactly what negligent acts on the part of the shipowner will preclude recovery in the indemnity action, but this much is certain, failure to detect and correct unsafe conditions would not prevent such a recovery. Weyerhaeuser SS Company v. Nacirema Operating Company, 355 U.S. 563, 568, 78 S.Ct. 438, 2 L.Ed.2d 491 (1957).

In the case at bar, though the Court of Appeals in reviewing the evidence adduced during the trial noted several circumstances which might constitute negligence on the part of the ship's crew, the remand was not limited to those circumstances which were specifically but only illustratively noted by the Court of Appeals. Thus until the particular act of negligence on the part of the ship's crew is examined, if any negligence is in fact proven, the potential liability of Florio under its warranty of workmanlike service cannot be evaluated.

Secondly, Florio contends that failure of the shipowner to timely appeal the dismissal of the impleading petition renders that judgment res judicata.

The judgment rendered after the trial on the merits does not state whether the dismissal of the impleading petition was with or without prejudice. Florio argues that this judgment is with prejudice, and relies on Rule 41(b) of Federal Rules of Civil Procedure, which states:

> "Unless the court in its order for dismissal otherwise specifies a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, * * * operates as an adjudication upon the merits."

and Rule 41(c):

> "The provision of this rule applies to the dismissal of any counter-claim, cross-claim, or third party claim."

The Supreme Court discussed the principles underlying the effect of dismissal under Rule 41(b) in Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). This case concerned a denaturalization proceeding which had been dismissed in the District Court due to the failure of the United States to file an affidavit of good cause. The dismissal did not state that it was without prejudice. In discussing whether or not the second proceeding was barred due to Rule 41, Mr. Justice Brennan stated:

> "We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for *lack of jurisdiction*' within the meaning of the exception under Rule 41(b) * * * We think that petitioner misconceives the scope of this exception from the dismissals under Rule 41(b) which operate as adjudications on the merits unless the court specifies otherwise. It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a pre-condition requisite to the court's going forward to determine the merits of his substantive claim * * *. (Emphasis supplied)

> At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim * * *.

> We do not discern in Rule 41(b) a purpose to change the common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition." 365 U.S. at pp. 285–286, 81 S.Ct. at pp. 544–545.

While the record of this case indicates that testimony and argument have been presented concerning the third party

claim, the court did not consider this testimony and argument in its adjudication of this claim. Once the court found that respondent was not liable for the injuries of the libelant, it had no reason to pass upon the third party claim. That claim therefore was not determined upon the merits but was dismissed because the respondent was found not to be liable.

 The fact that the court did not reach the merits of the third party claim due to libelant's failure to establish "a pre-condition requisite" places this dismissal of the third party respondent within the exception to Rule 41(b) as noted in Costello v. United States, supra.

Respondent has cited Stancil v. United States, 200 F.Supp. 36 (E.D. Va. 1961) in which the court held that it was fundamental for the defendant to have been found liable before the third party claim could be asserted. The court followed the rationale of the Costello case concerning the interpretation of Rule 41(b). Stancil may be distinguished from the instant case because in Stancil the issue as to respondents and third-party respondents was by agreement to be tried separately, hence the court very clearly did not reach the third party claim. Here the court received the testimony, etc. of the third party claim but never reached the merits in its adjudication due to the absence of the requisite pre-condition (respondent's liability).

Under these circumstances, the fact that the court did not find respondent liable constituted an initial bar to the court's reaching the merits of the third party complaint, consequently there was nothing for the respondent shipowner to appeal. The only possible loss that the shipowner had incurred at that stage of the proceeding which it could claim via its impleading petition was its attorney fees and costs and the respondent's rights with regard to these matters were specifically reserved in the judgment rendered. See Boutte v. M/V Malay Maru, 370 F.2d 906, 908 (5th CCA 1967); Strachan Shipping Co. v. Kon-

inklyke Nederlandsche S.M.,N.V., 324 F.2d 746 (5th CCA 1963).

For the foregoing reasons, the Court finds that the previous dismissal of the respondent-impleaded was not a dismissal with prejudice and that Florio remains a party to this action.

Accordingly, the motion of J. P. Florio & Co., Inc. to vacate the pre-trial order insofar as J. P. Florio & Co., Inc. is concerned, must be and it is hereby denied.