Manuel DIAZ, Plaintiff,

v.

WESTERN VENTURES, INC., etc.,
Defendant, Third-Party Plaintiff,

v.

DADE DRYDOCK CORPORATION, etc.,
Third-Party Defendant.

No. 70–159–Civ–CF.

United States District Court,
S. D. Florida.

Sept. 3, 1971.

Smathers & Thompson, Miami, Fla., for the third party plaintiff, Western Ventures.

Carey, Dwyer, Austin, Cole & Selwood, Miami, Fla., for the third party defendant, Dade Drydock.

## ORDER

FULTON, Chief Judge.

This cause came before the Court upon motions for summary judgment filed by the defendant/third party plaintiff, Western Ventures, Inc., and by the third party defendant, Dade Drydock Corporation. The issue is whether the defendant/third party plaintiff is entitled to indemnification from the third party defendant for the expenses of defending this action.

This was an action in admiralty brought by Manuel Diaz, a ship repairman, for personal injuries and lost income against the owner of a vessel upon which the plaintiff was allegedly in-

jured. The defendant-vessel owner filed a third party action for indemnification against the plaintiff's employer, Dade Drydock. The case was tried before the Court, and on November 13, 1970, the Court entered its findings of fact and conclusions of law. Since the plaintiff was unable to name the vessel or accurately identify the vessel upon which he was allegedly injured and since testimony as to various details of the defendant's vessel did not coincide with the plaintiff's description of the vessel on which he was injured, the Court found that the plaintiff failed to prove that he was injured aboard the defendant's vessel.

■ Generally, in a case of this nature, a defendant-vessel owner may seek indemnity for any judgment entered against it from the plaintiff's employer upon the theory that the plaintiff's injuries were, in fact, caused by a breach of the warranty of workmanlike performance. Delaneuville v. Simonsen, 437 F. 2d 597 (5th Cir. 1971); Massa v. C.A. Venezuelan Navigacion, 332 F.2d 779, 782 (2nd Cir. 1964); Paliaga v. Luckenbach Steamship Co., 301 F.2d 403, 408 (2nd Cir. 1962); Schwartz v. Compagnie General, 405 F.2d 270 (2nd Cir. 1968). The employer is obligated to indemnify the defendant because of this breach, if proven, and this obligation extends to the litigation expenses of defending suits brought against the shipowner. Massa v. C.A. Venezuelan Navigacion, 332 F.2d 779 (2nd Cir. 1964); Guarracino v. Luckenbach Steamship Co., 333 F.2d 646 (2nd Cir. 1964). Even where the defendant-vessel owner successfully defends the action, he may still be entitled to indemnification from the employer for the costs of the successful defense. Guarracino v. Luckenbach Steamship Co., 333 F.2d 646, 648 (2nd Cir. 1964); Hirstius v. Hess Terminal Corp., 286 F.Supp. 566 (E.D.La.1966); Strachan Shipping Co. v. Koninklyke Nederlandsche SMNV, 324 F.2d 746 (5th Cir. 1963).

While the shipowner has been successful in defense of the main action, he has suffered loss, in the form of attorneys fees and expenses  *  *  * caused by the stevedore's employees  *  *  * in breach of the stevedore's warranty of workmanlike service.

Guarracino v. Luckenbach Steamship Co., 333 F.2d at 648. To deny to the successful defendant indemnification for fees and costs would place too great a premium upon losing.

■■ *However*, the doctrine of implied warranty of workmanlike performance can only be invoked by a shipowner to recover indemnity from an independent expert who had control over and performed services traditionally done by vessel employees, but who performed such services in a careless or negligent manner. The warranty is breached when the employee's fault causes the injuries. *Where there is no breach of the warranty, there can be no indemnification*, for the employer is only liable for the fault of his employees—he does not insure every shipboard mishap in which his employees are involved.

This rationale applies, too, where the defendant-vessel owner wins the actions, but seeks indemnification for the expenses of the litigation. Denaro v. United States, 337 F.2d 275, 277 (2nd Cir. 1964). In *Denaro*, the Court said:

The United States [defendant] is not entitled to be indemnified by [the plaintiff's] employer  *  *  * for the legal expenses incurred in defending itself, for the District Judge found, with ample support in the record, that there was no breach of the warranty of workmanlike service.

*See* Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, 324 F.2d 746, 747 (5th Cir. 1963) (indemnification *only* where breach of warranty found).

■ In the present case, the plaintiff Diaz was not able to prove that he was even on board the defendant's vessel when he was allegedly injured. This was an apparent case of mistaken vessel identity. There was no breach of the implied warranty of workmanlike serv-

ices. That issue never arose, because the plaintiff was unable to prove the threshold issue—that he was aboard the defendant's vessel. As already stated, where there is no breach of the warranty of workmanlike performance, there can be no indemnification. Thereupon, it is

Ordered and adjudged that no attorney's fees or costs will be awarded in this action as indemnification against the third party defendant, Dade Drydock. Defendant/third party plaintiff's motion for summary judgment is hereby denied, and the third party defendant's motion for summary judgment is hereby granted.