**DANA MARINE SERVICE, INC. Plaintiff,**

v.

**INTERNATIONAL SHIP REPAIR AND MARINE SERVICES, INC. and Stewart & Stevenson Services, Inc., Defendants.**

Civ. A. No. 88–201–AH.

United States District Court, S.D. Alabama, S.D.

June 27, 1988.

G. Hamp Uzzelle, III, Blane H. Crutchfield, Mobile, Ala., for plaintiff; Hand, Arendall, Bedsole, Greaves & Johnston, of counsel.

David A. Bagwell, Mobile, Ala., for Stewart and Stevenson Services, Inc.; Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, of counsel.

Patrick H. Sims, Mobile, Ala., for Intern. Ship Repair and Marine Services, Inc.; Cabaniss, Johnston, Gardner, Dumas & O'Neal, of counsel.

## ORDER

HOWARD, District Judge.

This cause is before the Court on a "Motion to Strike Demand for Attorneys' Fees" filed by defendant Stewart & Stevenson Services, Inc. ("S & S").

S & S argues that a shipowner, such as plaintiff, cannot recover its attorney's fees incurred in *prosecuting* an action for breach of the warranty of workmanlike performance, but only such attorney's fees as are incurred in defending against the claim of a third party injured by such a breach.[1] Plaintiff counters that *Todd Shipyards Corp. v. Turbine Service, Inc.,* 674 F.2d 401 (5th Cir.), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 448, 74 L.Ed.2d 603 (1982), a nonbinding case from the new Fifth Circuit, approves recovery of attorney's fees under the circumstances of this case.

The seminal binding case regarding the recoverability of attorney's fees in an action involving the warranty of workmanlike performance is *Strachan Shipping Co. v. Koninklyke Nederlandsche Stoomboot Maalschappy, N.V.,* 324 F.2d 746 (5th Cir. 1963), *cert. denied,* 376 U.S. 954, 84 S.Ct. 969, 11 L.Ed.2d 972 (1964). In "a case of first impression," *id.* at 746, the court permitted a defendant and third party plaintiff shipowner to recover as indemnity from the third party defendant stevedore, as items

---

1. It is undisputed that plaintiff seeks in this lawsuit only the attorney's fees it incurs in prosecuting this action.

of damages, its attorney's fees and expenses incurred in *defending* against the plaintiff longshoreman's claim. *Id.* at 746–47.

The *Strachan* court did not extend the right to indemnity to encompass a right to attorney's fees incurred in *prosecuting* its claim against the breaching party; on the contrary, the court expressly noted that "[t]he conclusion here reached is limited to the facts of this case." *Id.* at 747.

The Court has read every Fifth Circuit and Eleventh Circuit case citing to *Strachan* (approximately twenty cases) and has found none save *Todd Shipyards* purporting to extend the scope of *Strachan* as plaintiff seeks to do here. Nor have the parties cited the Court to any case in any way suggesting that *Todd Shipyards* merely restated pre-existing law. Consequently, no binding precedent compels the Court to allow plaintiff's claim for attorney's fees. Plaintiff must therefore convince the Court that *Todd Shipyards* represents a reasonable, methodical extrapolation from common precedent in order to persuade the Court that *Todd Shipyard's* tack should be followed and S & S' motion to strike be denied.

For several reasons the Court concludes that the Eleventh Circuit would not, and hence this court should not, follow *Todd Shipyards*. First, as noted above, no binding case has come to light even suggesting the Eleventh Circuit would expand on *Strachan*.

Second, binding precedent expressly holds that "[s]uch recoverable attorneys' fees and expenses [for breach of the warranty of workmanlike performance] are limited to those incurred in defense of the injured party's claim for damages, and do not include those for prosecuting the shipowner's claim for indemnity, either in the trial court or on appeal." *Lusich v. Bloomfield Steamship Co.,* 355 F.2d 770, 776 (5th Cir.1966). It would hardly be consistent to disallow attorney's fees for bringing in the indemnitor as a third party defendant yet to allow them should the indemnitee bring an original action naming the indemnitor as defendant.

Third, the binding case of *Noritake, Inc. v. M/V HELLENIC CHAMPION,* 627 F.2d 724 (5th Cir.1980), classified the indemnitor-indemnitee exception to the general admiralty rule against awarding attorney's fees as a recovery of "the reasonable expenses incurred in defending against the claim" of the injured party. *Id.* at 730 n. 5. The Court cited four cases in support of its description of the exception, two of which were warranty of workmanlike performance cases.

Fourth, *Todd Shipyards* announced this dramatic shift in the law with no discussion and with no apparent awareness that it was altering longstanding law. The Court simply quoted from *McCawley v. Ozeanosun Compania, Maritime, S.A.,* 505 F.2d 26, 32 (5th Cir.1974), with an additional citation to *Thibodeaux v. Texas Eastern Transmission Corp.,* 548 F.2d 581, 587 (5th Cir. 1977).

It is true that both these cases stated simply that "foreseeable damages recoverable for breach of warranty of workmanlike performance include reasonable attorneys' fees," as the *Todd Shipyards* court quoted. Both cases, however, also cited to the seminal decision of *Strachan,* and both cases by their facts implicated only recovery for the expenses of *defending* a claim. Other binding cases clearly set forth the limitation of the rule. *E.g., Brock v. Coral Drilling, Inc.,* 477 F.2d 211, 217 (5th Cir. 1973) (because Coral breached its warranty of workmanlike performance, "Shell is entitled to indemnity from Coral for any costs or attorneys' fees incurred by Shell in defending the claims brought against it by Baroid.").

Fifth, the Fifth Circuit has not unequivocally accepted *Todd Shipyards* as the law of the circuit. After *Todd Shipyards* was handed down, the Fifth Circuit expressly acknowledged the continuing currency of *Noritake's* limitation of the *Strachan* rule to the expenses of defense. *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel,* 695 F.2d 893, 906 n. 19 (5th Cir.), *cert. denied,* 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed. 2d 89 (1983).

Sixth, the three located Fifth Circuit cases referring to the relevant portion of *Todd Shipyards* fail to correct that case's deficiencies by offering support for the result reached therein or explaining the reasoning underlying the decision. A challenge to the attorney's fees award in *Todd Shipyards* was denied on second appeal because the law of the case doctrine virtually foreclosed reconsideration. *Todd Shipyards Corp. v. Auto Transportation, S.A.*, 763 F.2d 745, 752 (5th Cir.1985). In *Delta Steamship Lines, Inc. v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1011 (5th Cir.1984), the court acknowledged that the plaintiff vessel owner relied on *Todd Shipyards* in seeking its attorney's fees, but the court denied the attorney's fees request for reasons wholly unrelated to the *Todd Shipyards* decision. Finally, the court in *Coastal Ironworks, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 583 (5th Cir.1986), employed *Todd Shipyards* without elaboration.

For the reasons stated above, S & S' motion to strike plaintiff's demand for attorney's fees is GRANTED.